JOHNSON v. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered November 24, 1919.

1. ATTORNEY'S FEES—LIEN—WHEN ENFORCEABLE.—Act 293, page 892,
of 1909, providing for a lien for attorney's fees upon his client's
cause of action, contemplates that the fee shall be determined,
and lien therefor enforced, in the court in which the original
action was disposed of by settlement, compromise and verdict.
The court in which said action may be pending at the time of
settlement, compromise or verdict, has the jurisdiction to deter-
mine and enforce the lien.

2. SAME—SAME—SAME.—Under act 293 of 1909, an attorney who
has a lien upon his client's cause of action, must follow any set-
tlement, compromise or verdict in the court where the result of
such settlement, compromise or verdict, is recorded, and the case
finally disposed of, and have his claim for a lien there deter-
mined and enforced.

Appeal from Independence Circuit Court; *Dene H.
Coleman,* Judge; affirmed.

*Allyn Smith* and *Jo Johnson,* for appellant.

The Independence Circuit Court had jurisdiction to
hear intervener's petition. The order of the Director
General was void under the act of Congress. 174 N. Y.
Supp. 60; 210 S. W. 283; Kirby's Digest, § 463. See also
5 Ark. 429; 27 *Id.* 315; 55 Kan. 331; 49 Ga 375; 77 Ark.
148; 91 S. W. 8; Kirby & Castle's Digest, § 7538; 8 Conn.

71; 29 *Id.* 515; 15 N. Y. St. Rep. 598; 65 N. C. 478; 69 *Id.*
189; 12 Ark. 369; 41 Kan. 152; 2 Tenn. Ch. 141; 27 Ark,
315; 5 *Id.* 427; 42 Ind. 395; 17 *Id.* 354; 49 Iowa 183; 14
Cal. 139. When appellant commenced the action in the
Independence court his lien attached, and it was beyond
the power of plaintiff to dismiss her suit so as to prevent
her attorney from enforcing his contract for a fee.

*Troy Pace,* for appellee.

The Independence Court did not exceed its judicial
discretion in denying appellant's motion to reinstate the
causes formerly dismissed. The exhibits to the motion
can not be considered, as they are not preserved in the
bill of exceptions. 53 Ark. 479; 37 *Id.* 543; 34 *Id.* 554.
There is absolutely no showing that the court abused its
discretion in denying the motion. 117 Ark. 514.

Act 293, Acts 1909, page 892, provides that the en-
forcement of a lien by an attorney can be had and en-
forced only in the court where the action was pending
that was settled. If in any other forum, it must be by
independent suit. Sec. 2, Acts 1909, p. 892. After ap-
pellant was discharged as attorney, he had no right to
continue the suit, and the judgment below is right. 117
Ark. 514; 128 *Id.* 471. The judgment in the Baxter Cir-
cuit Court is *res judicata.* 29 Ark. 80; 84 *Id.* 203. See
also 1 R. C. L., sec. 24; 1 Cyc., § 275.

McCULLOCH, C. J. Mrs. Katherine King, as ad-
ministratrix of the estate of her deceased husband
through her attorney, Jo Johnson, instituted an action in
the Independence Circuit Court against the Missouri Pa-
cific Railroad Company to recover damages alleged to
have accrued to the estate and next of kin by reason of
the negligence of the railroad in the killing of James E.
King.

After the filing of the complaint the Director Gen-
eral of Railroads required that suits be commenced in the
county where the person injured by the railroad com-
pany resided or in the county where the accident oc-
curred,

After this rule was adopted, the administratrix, through her attorney, Jo Johnson, instituted suit against the Missouri Pacific Railroad Company on the same cause of action in Baxter County, but the suit first instituted in Independence County was not dismissed upon the bringing of the second suit.

Afterwards the plaintiff, Mrs. King, compromised and settled the case with the railroad company and dismissed the suit pending in the circuit court of Baxter County against the railroad company.

Following the order dismissing the cause in the Baxter Circuit Court, the plaintiff also dismissed the case, involving the same cause of action, that was pending in the Independence Circuit Court at a special term of that court, November 25, 1918. At the December term of the Independence Circuit Court, Jo Johnson filed a motion to set aside the order of dismissal and asking that the cause be redocketed and also filed his petition asking that he be allowed to intervene, setting up in substance that he had a contract with the plaintiff for a fee, as her attorney, in the sum of $3,976.50, and that under his contract he was entitled to a judgment against the railroad company for the sum of $3,976.50, for which he prayed.

As grounds for his motion to reinstate the cause in the Independence Circuit Court, Jo Johnson, among other things, alleged that, after the dismissal of the case that was pending in the Baxter Circuit Court, he made inquiry of the clerk of the Independence Circuit Court as to the time the court would convene, and the clerk replied by letter: "There won't be any court before the term beginning the 30th day of December and these cases will be set for trial on Wednesday of the first week." That after receiving this information he (Johnson) relied upon the same and was misled thereby and without any fault on his part was thus prevented from appearing in the Independence Circuit Court on the day the cause was dismissed.

The petition of the intervener, Jo Johnson, was resisted by the appellee, and the court entered the following judgment:

"On this January 1, 1919, comes the intervener in person and the defendant by its attorney, Troy Pace, and intervener's motion to set aside dismissal and reinstate case and hear intervener's petition for fee comes on to be heard.

"It is agreed by counsel that during the pendency of this cause here this same plaintiff by her same attorney commenced her suit in the Baxter Circuit Court on her same cause of action, as here, and thereafter the plaintiff dismissed that said suit without the approval of her said attorney, said intervener here, and still later this same plaintiff in the same Baxter Circuit Court again filed her same suit against this defendant and settled same with defendant through other attorneys.

"Therefore, this court is of the opinion that no jurisdiction remains or could remain here to consider intervener's petition for fee as against defendant, and this court passes on no other question raised in intervener's said motion to set aside dismissal and reinstate case."

The court was correct in holding that the Independence Circuit Court had no jurisdiction to reinstate the cause for the purpose of adjudicating appellant's claim for a fee and enforcing judgment for the same.

(1) Act 293 of the Acts of 1909, page 892, providing a lien for attorney's fees upon his client's cause of action, contemplates that the fee shall be determined and the lien therefor enforced in the court in which the original action was disposed of by settlement, compromise or verdict. Section 2 of that act gives the court "in which said action may be pending at the time of settlement, compromise, or verdict," the jurisdiction to determine and enforce the lien.

In *St. Louis, I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504-14, we said: "A client may dismiss his cause of action or may settle with the opposite party without consulting his attorney, but where there are any proceeds resulting from the litigation, either through settlement or compromise, or as the final result of the prosecution of the lawsuit to the end, the attorney has a lien on such

proceeds of which he can not be deprived by the parties to the lawsuit by any settlement they may make."

(2) Where an attorney seeks to have declared and enforce his lien for a fee in the same suit, which he instituted for his client and not in an independent action, it is the purpose of the statute to enable an attorney who has a lien upon his client's cause of action to follow any settlement, compromise or verdict in the court where the result of such settlement, compromise or verdict is recorded and the case finally disposed of and have his claim for a lien there determined and enforced.

It appears, under the facts recited in the judgment to which appellant agreed, that the cause of action upon which he claims a lien was finally settled on its merits in the Baxter Circuit Court. Appellant should have resorted to that court and no other and have his claim of lien adjudicated and enforced.

The judgment of the circuit court of Independence County overruling appellant's motion to redocket the cause of *Katherine King, Administrator,* v. *Missouri Pacific Ry. Co.* is correct.

Judgment affirmed.